IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:95-cr-235 |
| ESAU STALEY, | |
| Defendant. | |

## **O R D E R**

Defendant Esau Staley has filed a motion seeking compassionate release. (Doc. 89.) He contends that a reduction in his sentence is warranted due to (1) his sentence being unduly harsh and illegally enhanced; (2) his medical conditions considering the COVID-19 pandemic; (3) and his postconviction rehabilitation. (Id.) The Court has reviewed the entirety of the record in this case and finds that Staley has failed to set forth an extraordinary and compelling reason warranting a reduction in his sentence as required by 18 U.S.C. § 3582(c)(1)(A). Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Staley compassionate release. Thus, the Court **GRANTS** the Government's Motion for Extension of Time to Respond, (doc. 94), **GRANTS** the Government's Motion to Seal, (doc. 96), and **DENIES** Staley's Motion, (doc. 89).

## BACKGROUND

Staley's conduct leading to his conviction in this case was quite serious. The Government accurately described the factual and procedural background of his conviction in its Response to his Motion:

> In December 1996, Staley was convicted of carjacking, kidnapping, and interstate transportation of a stolen motor vehicle. (Doc. 75; PSR ¶¶ 1, 8, 16, 26, 43.) The pre-sentence investigation report (PSR) determined Staley to have a total offense level of 37 with a criminal history category of VI, and an advisory guideline range

of 360 months' to life imprisonment. (PSR ¶ 77.) In February 1997, the late Honorable Avant Edenfield sentenced Staley to 180 months' imprisonment for carjacking, life imprisonment for kidnapping, and 120 months' imprisonment for transporting a stolen vehicle. (Doc. 81.) The Eleventh Circuit affirmed Staley's convictions and sentences. (Doc. 88.) He is incarcerated at FCI Jesup, located in Jesup, Georgia.

(Doc. 95, pp. 1—2.) Staley filed his instant Motion for Compassionate Release on June 1, 2022, (doc. 89), and the Court received letters in support of his Motion, (docs. 91, 92, 93). The Government filed a Response opposing Staley's Motion, (doc. 95).

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Staley compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is

"consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

As an initial matter, the primary arguments Staley raises, that this his sentence was unduly harsh and illegally enhanced, are precluded by the binding precedent of Bryant. Again, Bryant forecloses compassionate release arguments based on alleged "extraordinary and compelling"

reasons outside of those listed in U.S.S.G. § 1B1.13.  See United States v. Kinsey, 859 F. App'x 547, 548—49 (11th Cir. 2021) (Bryant compels denial of Section 3582(c)(1)(A) motion where defendant did not claim to have any of the age, family, or medical reasons outlined in the application note).  Moreover, Staley cannot use Section 3582(c)(1)(A) to argue his sentence was illegal as "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255."  Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005).  Likewise, while the Court applauds Staley's efforts at rehabilitation following his sentence, "[a] prisoner's rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction."  United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021).

Staley attempts to invoke the "medical conditions" category of extraordinary and compelling reasons by arguing that his medical history places him at an increased risk of becoming seriously ill from COVID-19.  However, as the United States correctly points out, Staley's conditions do not constitute an extraordinary and compelling circumstance warranting his release because his medical records reveal that his medical conditions do not substantially diminish his ability to provide self-care in prison.  (See doc. 95, pp. 10—12.)  Furthermore, the Government's response reveals that the BOP is taking numerous precautions against transmission of the virus that causes COVID-19 and the medical records reveal that BOP is providing Staley more than adequate medical treatment, including vaccinations.

Moreover, even if Staley had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and

compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whethis to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. to afford adequate deterrence to criminal conduct;
    c. to protect the public from further crimes of the defendant; and
    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Staley's request for compassionate release. The charge Staley pled guilty to is a serious crime for which he received a substantial but justified sentence. Allowing his release would not reflect the seriousness of his conduct, would not serve the needs of general and specific deterrence, would not protect the public, and would create significant sentencing disparities between him and other defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Staley's motion for compassionate release.

## CONCLUSION

For all these reasons as well as those stated by the United States in its Response, the Court **DENIES** Defendant Staley's Motion for Compassionate Release, (doc. 89).

**SO ORDERED**, this 16th day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA